UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH REYNOLDS, | CIVIL ACTION NO. 3:CV-05-2369 |
| Petitioner | (Judge Nealon) |
| v. | FILED SCRANTON |
| WARDEN WILLIAMSON, | APR 0 3 2006 |
| Respondent | PER _____ DEPUTY CLERK |

## MEMORANDUM AND ORDER

Petitioner, Keith Reynolds, an inmate confined in the United States Penitentiary, Allenwood, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 15, 2005. (Doc. 1). Petitioner alleges that his due process rights were violated during a disciplinary proceeding related to a possession of a weapon allegation against him. Respondent filed a response on December 29, 2005. (Doc. 11). Petitioner filed a traverse on January 10, 2006. (Doc. 13). For the reasons set forth below, the petition will be denied.

## BACKGROUND

Petitioner is serving an aggregate life sentence imposed by the Superior Court of the District of Columbia. On February 17, 2005, Officer A. Cosentine wrote incident report number 1313202 which sets forth the details of a weapons violation committed by petitioner. (Doc. 11-2, p. 13). Specifically, Cosentine reported that, while "conducting a routine shakedown in unit 4B, cell #212" he

"looked down inside the drain of the sink" and "saw an object wrapped in clear plastic." (Doc. 11-2, p. 13). He further reported that he "took apart the drain of the sink ... removed the plastic from around the object and discovered that the object was a 10 inch rod sharpened at one end with a plastic handle on the other end." (Doc. 11-2, p. 13). Petitioner, along with inmate Chambers, was assigned to cell #212 in Unit 4B at the time of the incident. (Doc 11-2, p. 13).

On February 21, 2005, petitioner appeared before the Unit Discipline Committee and was advised of his rights. (Doc 11-2, p. 13). At that hearing he signed a copy of the "Inmate Rights at Discipline Hearing" form. (Doc 11-2, p. 16). The matter was referred to the Discipline Hearing Officer ("DHO") for further hearing (Doc. 11-2, p. 13) and petitioner signed a "Notice of Discipline Hearing before the Discipline Hearing Officer" form. (Doc. 11-2, p. 15). This form indicated that petitioner did not want a staff representative or witnesses at the hearing. (Doc. 11-2, p. 15).

On February 23, 2005 a Hearing was held before DHO, Todd W. Cerney. (Doc 11-2, pp. 18-20). The February 28, 2005 report from this hearing indicates that petitioner was previously advised of his rights on February 21, 2005 and that petitioner declined staff representation and did not request any witnesses. (Doc. 11-2, p. 18). Petitioner denied the charges explaining that he did not have any reason to have a weapon. (Doc. 11-2, p. 18). Incident Report 1313202 as well as a photograph of the weapon were considered as evidence during the hearing.

2

The DHO also noted that petitioner's cellmate denied knowledge of the sharpened rod found in the sink drain. (Doc 11-2, p. 19). Upon consideration of the evidence, the DHO found that "the greater weight of the evidence ... supports the finding" that petitioner "committed the prohibited act of Possession of a Weapon, Code 104." (Doc. 11-2, p. 19). Due to the potential safety threat of a weapon, to both staff and inmates, petitioner was assigned: (1) 30 days disciplinary segregation; (2) 30 days disciplinary segregation suspended pending 180 days of clear conduct; and (3) 6 month loss of commissary privileges. (Doc. 11-2, p. 19).

## Discussion

Petitioner now alleges that: (1) the DHO's findings were based on insufficient evidence; (2) the DHO "misapplied Bureau Policy in order to find Reynolds guilty on insufficient evidence" and (3) the DHO's findings should be expunged from petitioner's prison record since they were based on insufficient evidence. More specifically, petitioner alleges that the DHO "had absolutely 'no evidence' to link Reynolds to the sharpened rod discovered in the drainage pipe of the sink." (Doc 2, pp. 5-6). Petitioner cites to the DHO's own acknowledgment that "no evidence was known to the DHO to absolutely define either Reynolds or Chambers as the owner of the sharpened rod." (Doc. 11-2, p. 19). Petitioner also finds fault with the DHO's finding that "Bureau policy stipulates inmates are compelled to keep their assigned areas free from contraband." (Doc. 2, p. 6). He

3

argues that, applied to the circumstances in his case, this policy would have required him to daily "disassemble and search inside the plumbing system for contraband." (Doc. 2, p. 6). Finally, petitioner argues that his record should be expunged since it is not supported by any evidence and since it may adversely affect his future parole eligibility. (Doc. 2, pp. 7-8).

Due process requires that a prisoner be provided with: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992) *quoting* Superintendent v. Hill, 472 U.S. 445, 454 (1985). As a preliminary matter it must be noted that petitioner has not alleged a due process violation for any of the above reasons. In fact, the record reveals that each of the above requirements was satisfied.

Additionally, due process requires a disciplinary decision to be supported by at least "some evidence." Griffin at 19 *citing* Hill at 455. The "some evidence" requirement is satisfied when there is some evidence "from which the conclusion of the administrative tribunal could be deduced." Thompson v. Owens 889 F.2d 500, 501-02 (3d Cir. 1989), *quoting* Hill at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.

4

Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill at 456.

In rendering his decision, the DHO relied on information presented in the initial incident report as well as a photograph of the involved weapon. He noted that no evidence absolutely defined either petitioner or Chambers as the owner of the weapon but Bureau of Prisons policy requires that inmates are compelled to keep their assigned areas free from contraband. He ultimately concluded that the "greater weight of the evidence" supported his finding that petitioner possessed the weapon. (Doc. 11-2, p. 19).

It is undisputed that petitioner was assigned to the cell where the weapon was found. Further, prison policy establishes that inmates are responsible for any contraband found in their cell. *See* Program Statement 5270.007, Inmate Discipline and Special Housing Units (January 9, 2003). Prison regulations place an inmate in constructive possession of any object found within his cell. White v. Kane, 860 F.Supp. 1075, 1078 (E.D. Pa. 1994). Additionally, in cases where "contraband is found where only a few inmates have access," use of the doctrine of constructive possession to satisfy the "some evidence" standard is "unproblematic." Cardenas v. Wigen, 921 F. Supp. 286, 289 n.4 (E.D.Pa. 1996) Petitioner argues that this policy would require him to use tools to disassemble his cell's plumbing in order to ensure that no contraband was present. Since the DHO did not find that petitioner possessed any such tools, petitioner argues that the DHO's findings were based on

5

insufficient evidence. The DHO was not required to make a finding regarding the presence of tools; rather, his conclusion needed only to be based on "some evidence." The evidence which the DHO considered established that the weapon was found in the petitioner's cell and that the petitioner did not offer any reason for its presence there. Additionally, the prison regulations certainly provide further support for the DHO's determination that the weapon found inside the petitioner's cell belonged to the petitioner.

Since the DHO's determination is fully supported by the required amount of evidence, the petitioner's argument that his record should be expunged is without merit. Additionally, expungement is merited only when a prisoner alleges: (1) that information is in his file; (2) that the information is false; and (3) that the information is relied on to a constitutionally significant degree. Williams v. Federal Bureau of Prisons and Parole Com'n, 85 Fed.Appx. 299, 304 (3d Cir. 2004) *citing* Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979). Under this second element, the inmate must affirmatively establish that the information in his file is false. Expungement is not proper when the information is true even though the prisoner deems the information prejudicial. Similarly, it is not sufficient that the inmate disputes evaluations and opinions regarding him. Paine at 201. This is the situation where there is "'some evidence' to support (the adverse administrative decision), but evidence which (the prisoner) believes is outweighed by other facts." Id. at 201 *citing* Williams v. Ward, 556 F.2d 1143, 1160 (2d Cir. 1977). "The

federal courts will not oversee the discretionary decisions of prison administrators and second-guess their evaluation. Our concern is where the administrators rely on information which is false." Id. at 201. Consequently, there is no basis for expunging the DHO's decision from the petitioner's record.

## Conclusion

For the reasons set forth above, petitioner's habeas petition will be denied.

s/ William J. Nealon

**United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEITH REYNOLDS, : CIVIL ACTION NO. 3:CV-05-2369
: 
Petitioner : (Judge Nealon)
:
v. :
:
WARDEN WILLIAMSON, :
:
Respondent :

## ORDER

**NOW, THIS 3rd DAY OF APRIL, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus (Doc. 1), is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

                                                    s/ William J. Nealon
                                                    **United States District Judge**